Smith-PB v. Easley et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-135-CV

     PATRICK B. SMITH,
                                                                                              Appellant
     v.

     JAMES D. EASLEY, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,035
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      At the close of Patrick Smith's case in chief, the court granted James Easley and his co-defendants' motion for an instructed verdict. Tex. R. Civ. P. 269. Smith filed a "motion of
appeal" on May 20, 1996, and the transcript was filed in this court on June 21. Although his
brief was due on July 22, no appellant's brief has been filed. Tex. R. App. P. 74(k). Appellate Rule 74(l)(1) provides:
Civil Cases. In civil cases, when the appellant has failed to file his brief in the time
prescribed, the appellate court may dismiss the appeal for want of prosecution, unless
reasonable explanation is shown for such failure and that appellee has not suffered
material injury thereby. The court may, however, decline to dismiss the appeal,
whereupon it shall give such direction to the cause as it may deem proper.
Id. 74(l)(1).
      More than twenty-five days have passed since Smith's brief was due. We notified him of
this defect by letter on August 8. Id. 60(a)(2), 83. He has not responded to our letter showing
grounds for continuing the appeal, nor has he provided a reasonable explanation for failing to
file a brief. Id. 60(a)(2), 74(l)(1). Therefore, this appeal is dismissed for want of prosecution. 
Id. 74(l)(1).
                                                                               PER CURIAM

Before   Chief Justice Davis,
            Justice Cummings, and
            Justice Vance 
Dismissed for want of prosecution
Opinion delivered and filed August 30, 1996
Do not publish



; Angela Chapman instituted this action to terminate Arms Chapman's parental rights with
regard to their child, W.A., alleging that termination of the parent-child relationship was in the
best interest of the child and that Arms had failed to support the child in accordance with his
ability during a period of one year ending within six months of the date of the filing of the
petition.


 In a non-jury trial, the court found that Arms (1) voluntarily left the child alone or in
the possession of another without providing adequate support of the child and remained away for
a period of at least six months; and (2) failed to support the child in accordance with his ability
during a period of one year ending within six months of the date of the filing of the petition. The
court further found that termination of the parent-child relationship was in the best interest of the
child. As a result of these findings, the court entered a decree of termination from which Arms
now appeals. Because the court failed to appoint a guardian ad litem to represent the interests of
the child, and because the interests of the child were not adequately represented by a party to the
suit whose interests were not adverse to those of the child, we reverse the decree of termination.
      In point six Arms contends that the court erred in failing to appoint a guardian ad litem to
represent the child. Section 11.10(a) of the Texas Family Code provides:
 (a) In any suit in which termination of the parent-child relationship is sought, the court
or a master shall appoint a guardian ad litem to represent the interests of the child, unless
the child is a petitioner or unless an attorney ad litem has been appointed for the child or
unless the court or a master finds that the interests of the child will be represented
adequately by a party to the suit and are not adverse to that party.




      Angela argues that, because Arms failed to request findings of fact pursuant to Rule 296 of
the Texas Rules of Civil Procedure, a finding "that the interests of the child will be represented
adequately by a party to the suit and are not adverse to that party" should be presumed in support
of the judgment.


 The mandatory finding required by section 11.10(a) is not, however, the type
of finding contemplated by Rule 296, which applies to appellate review of a non-jury trial on the
merits.


 Furthermore, the findings necessary to support the judgment in this case—a decree of
termination—are the findings related to the best interest of the child and Arm's failure to support
the child in accordance with his ability. It is the failure to comply with a mandatory statute, not
the absence of findings necessary to support the judgment, that requires reversal.



      The trial court in this case neither appointed a guardian ad litem nor found "that the interests
of the child will be represented adequately by a party to the suit and are not adverse to that party." 
Nor could such a finding have been made under the facts of the case.


 Neither Arms nor Angela
could adequately represent the interests of the child because each party was strongly advocating
his or her own interests.


 It would be a rare situation where the trial court could properly find that
a guardian or attorney ad litem is not needed when one parent is trying to terminate the other
parent's parental rights.


 Because there was no party in this case whose primary duty was to
protect the interests of the child, we sustain point of error six.
      We reverse the judgment and remand the cause for a new trial.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed April 21, 1993
Publish